MAKAR, J.,
concurring with opinion.
Three insurers collectively contributed $9 million to settle and pay claims arising from a motor vehicle accident, voluntarily entering an agreement stating that the insurers would be “subsequently litigating among themselves how the settlement *908 amount should be paid and allocated among the policies under Florida law.” The subsequent litigation that resulted was done independently amongst the insurers, each against the other, none cooperating or coordinating with the others. Weighing the risks and costs of litigation, USF & G entered a settlement with and received $600,000 from Federal. The dispute between Essex and Federal went to trial, resulting in a $2 million judgment against Essex in Federal’s favor (later settled for an undisclosed amount).
In this appeal, the issue is what legal right does Essex now have to the $600,000 of settlement funds that USF & G received from Federal, funds that USF & G sought and successfully obtained at its own expense through its independent litigation efforts against Federal? None, it appears. Contractual subrogation doesn’t apply because no contractual relationship exists between the parties (the trial court’s reference to the Essex policy notwithstanding); and neither equitable subrogation nor equitable contribution was established on this record to support Essex’s claimed entitlement to the settlement funds that USF & G procured for itself. In essence, the parties’ three-page agreement says the three insurers may litigate “how the settlement amount” is to be allocated, but it leaves ambiguous by what legal yardstick that is to be measured. The record does not indicate whether this is a common or uncommon way for insurers to resolve disputes of this magnitude, and no party has pointed us to any statute or case that specifies the standards or manner by which such disputes are required to be resolved. Absent a definitive guidepost, the parties would have us resolve their dispute by applying general principles of equity. As such, I agree that the trial court should not have awarded to Essex the funds that USF & G obtained through its own independent efforts from Federal, such that the judgment against USF & G should be vacated and judgment entered in its favor.